# EXHIBIT 15

# WARNING LETTER

# LES Labs

## MARCS-CMS 593764 – JULY 23, 2020

**Product:**

Dietary Supplements

---

**Recipient:**

John Heathco

CEO

LES Labs

340 S. Lemon Ave Suite 7087
Los Angeles, CA 91789-2706
United States

**Issuing Office:**

Center for Food Safety and Applied Nutrition (CFSAN)

United States

---

July 23, 2020

## Warning Letter
## RE: 593764

Dear Mr. Heathco:

This is to advise you that the U.S. Food and Drug Administration (FDA) reviewed your website at the Internet address https://www.leslabs.com/products/detoxx-for-hangovers in June 2020 and observed that you take orders there for the product DeToxx for Hangovers. The claims on your website establish that the product is a drug under section 201(g)(1)(B) of the Federal Food, Drug, and Cosmetic Act (the Act) [21 U.S.C. § 321(g)(1)(B)] because it is intended for use in the cure, mitigation, treatment, or prevention of disease. As explained further below, introducing or delivering this product for introduction into interstate commerce for such uses violates the Act. You can find the Act and FDA regulations through links on FDA's home page at www.fda.gov. (//www.fda.gov.) ⬈ (http://www.fda.gov/about-fda/website-policies/website-disclaimer)

Examples of some of the claims on your website that provide evidence that your product is intended for use as a drug include the following:

- "DETOXX FOR HANGOVERS" (image of product label and website)
- "DeToxx helps reduce hangover symptoms . . . Natural ingredients including milk thistle, prickly pear and cysteine work while you drink, helping to metabolize the toxins that cause hangover symptoms . . ." (website)
- "Helps prevent hangover symptoms*" (image of product label and website)

A statement claims to mitigate, treat, cure, or prevent disease if it claims, explicitly or implicitly, that the product has an effect on the characteristic signs or symptoms of a specific disease or class of diseases [see 21 CFR 101.93(g)(2)(ii)]. A hangover is a sign or symptom of alcohol intoxication, a disease. Like all poisonings, alcohol intoxication causes dose-related dysfunctioning and damage, ranging from mild impairments to death. Alcohol intoxication causes temporary damage to brain function, causing impairments of judgment, attention, reflexes, and coordination. Therefore, alcohol intoxication meets the definition of disease in 21 CFR 101.93(g)(1) [see 65 Fed. Reg. 1000, 1015 (Jan. 6, 2000)].

Your product is not generally recognized as safe and effective for the above referenced uses and, therefore, this product is a "new drug" under section 201(p) of the Act [21 U.S.C. § 321(p)]. New drugs may not be legally introduced or delivered for introduction into interstate commerce without prior approval from FDA, as described in sections 301(d) and 505(a) of the Act [21 U.S.C. §§ 331(d), 355(a)]. FDA approves a new drug on the basis of scientific data and information demonstrating that the drug is safe and effective.

Based on the product label on your website, it appears that you intend to market your DeToxx for Hangovers product, which contains N-acetyl-L-cysteine (NAC), as a dietary supplement. However, even if your product labeling did not have therapeutic claims that make your product an unapproved new drug, your product could not be a dietary supplement, because it does not meet the definition of dietary supplement under section 201(ff) of the Act [21 U.S.C. § 321(ff)]. FDA has concluded that NAC products are excluded from the dietary supplement definition under section 201(ff)(3)(B)(i) of the Act [21 U.S.C. § 321(ff)(3)(B)(i)]. Under this provision, if an article (such as NAC) has been approved as a new drug under section 505 of the Act [21 U.S.C. § 355], then products containing that article are outside the definition of a dietary supplement, unless before such approval that article was marketed as a dietary supplement or as a food. NAC was approved as a new drug under section 505 of the Act [21 U.S.C. § 355] on September 14, 1963. FDA is not aware of any evidence that NAC was marketed as a dietary supplement or as a food prior to that date.

The violations cited in this letter are not intended to be an all-inclusive statement of violations that exist in connection with your products. You are responsible for investigating and determining the causes of the violations identified above and for preventing their recurrence or the occurrence of other violations. It is your responsibility to ensure that your firm complies with all requirements of federal law, including FDA regulations.

You should take prompt action to correct the violations cited in this letter. Failure to promptly correct these violations may result in legal action without further notice, including, without limitation, seizure and injunction.

Within fifteen working days of receipt of this letter, please notify this office in writing of the specific steps that you have taken to correct the violations described in this letter and to prevent similar violations. Include any documentation necessary to show that correction has been achieved. If you cannot complete corrective action within fifteen working days, state the reason for the delay and the time within which you will complete the correction. If you believe that your products are not in violation of the Act, include your reasoning and any supporting information for our consideration. Your reply should be sent via e-mail to FDAAdvisory@fda.hhs.gov (//FDAAdvisory@fda.hhs.gov).

Ex. 15
Page 2

Sincerely,

/S/

William A. Correll Jr.
Director
Office of Compliance
Center for Food Safety
  and Applied Nutrition

 More Warning Letters (/inspections-compliance-enforcement-and-criminal-investigations/compliance-actions-and-activities/warning-letters)